962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary GREER, Defendant-Appellant.
 No. 91-2513.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 1, 1992.
 
 Before FLAUM, and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 Order
 
 1
 Gary Greer pleaded guilty to possession of diazepam with intent to distribute it, 21 U.S.C. § 841(a)(1), and to use of a firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1). The district court sentenced Greer to a term of 96 months in prison. Greer now appeals the denial of his motion to suppress evidence seized in the search of his van, having reserved the right to do so in the plea agreement. We affirm.
 
 
 2
 Greer's first contention is that Officer Seibert's traffic stop of the van was a pretext to search for drugs and guns. He contends that Officer Seibert's motive for stopping the van was the anonymous tip of November 4, 1990, and not the minor traffic infraction of improperly displaying registration tags. In United States v. Trigg, 878 F.2d 1037 (7th Cir.1989), we explained that the fourth amendment inquiry in cases involving an allegedly pretextual stop is narrow: "so long as the police are doing no more than they are legally permitted and objectively authorized to do, an arrest [or stop] is constitutional." 878 F.2d at 1041. We articulated an objective, two-part test into the legality of a stop: "we ask first, whether law enforcement authorities had reasonable suspicion to make the stop ..., and second, whether the officers involved were authorized under state or municipal law to effect the stop ... in question." United States v. Fiala, 929 F.2d 285, 287 (7th Cir.1991) (citing Trigg, 878 F.2d at 1041).
 
 
 3
 The stop of Greer's van was lawful. Under p 3-413(a) of the Illinois Motor Vehicle Code, Officer Seibert had cause to pull Greer over because he had two license plates fixed on the back of his van, one from Illinois and one from South Dakota. That section requires the display of two license plates on a vehicle (with exceptions not applicable here), one in the front and one in the back. Ill.Rev.Stat. ch. 95 1/2 p 3-413(a). It authorizes no more than that. The district court credited Officer Seibert's testimony that he stopped Greer for the improper display of registration tags, and we defer to its credibility determination. United States v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir.1990). Under p 16-102 of the Motor Vehicle Code, moreover, a patrol officer is authorized to stop a driver for a traffic violation like the one in this case. Ill.Rev.Stat. ch. 95 1/2 p 16-102; Fiala, 929 F.2d at 288. We thus conclude that the traffic stop was valid under the fourth amendment.
 
 
 4
 Greer's next contention is that even if the stop was proper, he did not consent to the initial search of his van. "Consent lifts the warrant requirement of the fourth amendment but only if the consent to search is voluntary." United States v. Quinones-Sandoval, 943 F.2d 771, 774 (7th Cir.1991). Voluntariness is a factual subject, to be determined from the totality of the circumstances in which the consent was given. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973); United States v. Duran, No. 91-1926 (7th Cir. Mar. 17, 1992), slip op. 3; Quinones-Sandoval, 943 F.2d at 774; United States v. Lechuga, 925 F.2d 1035, 1041 (7th Cir.1991). This court will reverse a district court's finding on this question only if it is clearly erroneous. United States v. Durades, 929 F.2d 1160, 1163 (7th Cir.1991).
 
 
 5
 The district court examined the circumstances surrounding the stop and found that Greer's consent to the first search was voluntary. This finding is not clearly erroneous. Officer Seibert told Greer that the police had information that there were guns in his van. Greer said there were none. Officer Seibert asked if he could look in the van for himself. Greer said yes, telling Seibert that he had a rifle above the visor. In these circumstances, Greer invited the search of the van, and his invitation contained no explicit limitation on its scope. Florida v. Jimeno, 111 S.Ct. 1801, 1804 (1991). Absent such limitation, Greer's consent extended to the second search conducted after his arrest, and the one hour delay in the search did not invalidate it. United States v. Rivera, 825 F.2d 152, 158 (7th Cir.1987).
 
 
 6
 That Greer felt he was not free to leave the scene "does not inevitably lead to the conclusion that he could not voluntarily consent to a search" of his van. Quinones-Sandoval, 943 F.2d at 775. Absent any finding of coercion by the district court, Seibert's actions in taking Greer's driver's license and vehicle registration, patting him down for weapons, and telling him that he had to go to the police station to clear things up, did not negate the validity of Greer's consent.
 
 
 7
 Greer's final contention is that the district court erred in concluding that the search was also lawful under the "automobile exception" to the warrant requirement. Under this exception, the police can search a vehicle without a warrant if there is probable cause to believe that it contains contraband or evidence. United States v. McGuire, No. 90-1422 (7th Cir. Feb. 18, 1992), slip op. 6 (citing Carroll v. United States, 267 U.S. 132, 149, 153-56 (1925)). "Probable cause exists if, given the totality of the circumstances, there is a 'fair probability' that the car contains contraband or evidence." Ibid. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Once Seibert learned that Greer had a rifle in the van, in violation of Ill.Rev.Stat. ch. 38 p 24-1(a)(4), he had probable cause to search the entire van and its contents for additional contraband.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record